SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MATTHEW S. MCCONNELL, Cal. Bar No. 209672
TARA WILCOX, Cal. Bar No. 157015
12775 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone:  (858) 720-8900
Facsimile:    (858) 509-3691

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, an individual, | Case No.  8:19-cv-00289 |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |
| COSTCO WHOLESALE CORPORATION, a Washington Corporation; JOSH STRAWBERRY, an individual; and DOES 1 through 100, | **[DIVERSITY JURISDICTION]** |
| Defendants. | [Orange County Superior Court Case No. 30-2018-01037436-CU-OE-CJC] |
| | Complaint Filed:  December 10, 2018 |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Costco Wholesale Corporation ("Costco") hereby removes the matter of Jane Roe v. Costco Wholesale Corporation, Josh Strawberry, and DOES 1 through 100 (Orange County Superior Court, Case No. **30-2018-01037436-CU-OE-CJC**) to the United States District Court for the Central District of California.  In accordance with 28 U.S.C. 1446(a), the following is a short and plain statement of the grounds for removal of the case and a listing of pleadings to date.

1.    On December, plaintiff "Jane Roe" ("Plaintiff") filed a Complaint against Costco and Josh Strawberry in the Superior Court.

2.    "Jane Roe" is "a pseudonym utilized to protect the medical privacy of Plaintiff herein, given the sensitive nature of the allegations regarding disability." (Complaint, ¶ 6.)  Plaintiff alleges that she suffers from urinary incontinence.  (Complaint, ¶ 14.)  Based on Plaintiff's use of a pseudonym, Costco does not presently know the actual identity of Plaintiff.

3.    On January 14, 2019, Costco was served with the Complaint. (Copies of the Complaint, summons, and civil case cover sheet are attached as Exhibit A to the Declaration of Matthew S. McConnell.)

4.    On February 13, 2019, Costco filed an Answer to the Complaint in the Superior Court.  (A copy of the Answer is attached as Exhibit B to the Declaration of Matthew S. McConnell.)

-1-

5. Costco has no knowledge as to whether alleged defendant Josh Strawberry has been served with the Complaint.

6. Attached as Exhibit C to the Declaration of Matthew S. McConnell is a list of the Superior Court's file in this matter. The Complaint, civil case cover sheet, and summons are attached as Exhibit A. Costco has not otherwise been served with any other process, pleadings, or orders pursuant to 28 U.S.C. § 1446(a).

7. *Timely Filing of Notice.* Costco has filed this Notice pursuant to 28 U.S.C. § 1446(b) in a timely fashion, in that this Notice has been filed within one year of the commencement of the action and within 30 days of service of the summons and complaint. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

8. *Diversity Jurisdiction*: This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, and removal is proper under 29 U.S.C. § 1441(a) in that:

    a. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his domicile. See State Farm Mut. Auto Ins. Co. v. Dyer, 29 F.3d 514, 520 (10th Cir. 1994). Plaintiff is a citizen of the State of California. The Complaint alleges that Plaintiff "an individual, at all times relevant to the Complaint herein was a resident and domiciliary of California." (Complaint, ¶ 5.)

b.    Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Costco was, at the time of the filing of this action, and still is, a citizen of the State of Washington, where it has its principal place of business and where it is incorporated.  (Ex. D to McConnell Decl.; McConnell Decl., ¶ 5; Rajski Decl., ¶¶ 4-5; Complaint, ¶ 7.)  Costco's corporate headquarters are located in Issaquah, Washington.  Costco's corporate policies and procedures are formulated in its executive and administrative headquarters which are located in Issaquah, Washington.  (Rajski Decl., ¶¶ 4-5; Complaint, ¶ 7.)  The "nerve center" of Costco is therefore found in Washington, not California.  See Hertz Corp. v. Friend, 130 S.Ct. 1181, 1186 (2010) ("the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'").

c.    The citizenship of defendants sued under fictitious names is disregarded for purposes of removal.  See 28 U.S.C. § 1441(a).

d.    The citizenship of Josh Strawberry should be disregarded for removal purposes because he is a sham defendant fraudulently named by Plaintiff in this action.  See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (holding that a non-diverse party (plaintiff or defendant) named in the state court action may be disregarded if the federal court determines that

-3-

party's joinder is a "sham" or "fraudulent" so that no possible cause of action has been stated against that party); <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987) ("Fraudulent joinder is a term of art.  If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").

(1)    Plaintiff alleges that defendant Josh Strawberry "was an employee of COSTCO WHOLESALE CORPORATION and a coworker of the Plaintiff." (Complaint, ¶ 12.) Plaintiff filed her lawsuit using a pseudonym.  She also failed to identify at which particular Costco warehouse she allegedly works.  She does, however, allege that venue is proper in the Orange County Superior Court.  (Complaint, ¶ 2.)  Costco has reviewed its records and has determined that it does not and has not employed anyone by the name of Josh Strawberry at any of its locations within Southern California.  (Rajski Decl., ¶ 3.)  Accordingly, it appears that individual defendant Josh Strawberry does not exist.

(2)    In her sixth cause of action, Plaintiff alleges that Josh Strawberry, a co-worker, engaged in sexual harassment. (Complaint, ¶¶ 63-64.)  This is the only claim alleged against the alleged Josh Strawberry.  The only facts alleged in support of this claim are that "on or about December 12, 2016, Defendant JOSH STRAWBERRY asked Plaintiff to perform sexual acts and made lewd and

-4-

lascivious comments about Plaintiff's clothing and body, including crude and unwanted jokes." (Complaint, ¶ 23.)

(3)   Plaintiff does not attach a DFEH complaint naming Josh Strawberry, nor does she allege in the Complaint that she ever exhausted her administrative remedies as to Josh Strawberry. As a result, even if a Josh Strawberry did exist, Plaintiff has failed to allege that she exhausted her administrative remedies against him, meaning he cannot be named as a defendant in a civil action under FEHA. See Westinghouse Elec. Corp. v. County of Los Angeles, 42 Cal.App.3d 32, 37 (Cal. App. 1974) (It is the plaintiff's burden to plead and prove timely exhaustion of administrative remedies, such as filing a sufficient complaint with the DFEH and obtaining a right-to-sue letter); Mock v. California Department of Corrections and Rehabilitation, 1:15-cv-01104-MJS, 2015 WL 5604394. *7 (E.D. Cal. Sept. 23, 2015) (court granted motion to dismiss where the plaintiff alleged discrimination and exhaustion of remedies, but failed to specify "when he filed his complaint, against whom it was filed, and what unlawful practices he alleged within it."). Given that it is now more than two years since the alleged harassment by Josh Strawberry, it is too late for Plaintiff to exhaust her administrative remedies and she is therefore barred from pursuing her claim against Josh Strawberry. See Cal. Gov. Code § 12960(d); Rojo v. Kliger, 52 Cal.3d 65, 88 (1990) (holding that exhaustion of administrative remedies is

-5-

necessary in order to pursue claims under FEHA); Williams v. City of Belvedere, 72 Cal.App.4th 84, 90 (1999) ("failure to exhaust an administrative remedy is a jurisdictional, not a procedural defect").

(4) Even if Josh Strawberry did exist, the allegations against him, consisting solely of alleged comments made almost two years prior to the filing of the Complaint, are insufficient as a matter of law to state a valid claim for harassment.

To establish a prima facie case of harassment under FEHA, a plaintiff must plead and prove, among other things: (1) she was subjected to verbal or physical conduct of a harassing nature because of her disability; and (2) the conduct was sufficiently severe or pervasive to create an objectively and subjectively hostile working environment. See Fisher v. San Pedro Peninsula Hosp., 214 Cal.App.3d 590, 608-09 (1998); Etter v. Veriflo, 67 Cal.App.4th 457,465 (1998); Kang v. U. Lim Am., Inc., 296 F.3d 810, 817 (9th Cir. 2002); Kotran v. Cal. Youth Auth., 217 F.3d 1104, 1109-10 {9th Cir. 2000). To meet the "severe or pervasive" standard for harassment, Plaintiff must demonstrate that her workplace was "permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." Mokler v. County of Orange, 157 Cal.

App. 4th 121, 145 (2007); Fisher, 214 Cal. App. 3d at 609. Plaintiff must allege more than just a handful of sporadic comments to sufficiently plead a hostile work environment.  Courts have made clear that such isolated incidents are only "severe" when they consist of "a physical assault or the threat thereof." Hughes v. Pair, 46 Cal. 4th 1035, 1049 (2009), quoting Lyle v. Warner Brothers Television Productions, 38 Cal. 4th 264, 284 (2006).  For example, in Hughes v. Pair, the California Supreme Court found that the plaintiff had failed to demonstrate sufficiently severe or pervasive conduct by alleging that the defendant had said to her "I'll get you on your knees eventually.  I'm going to f--k you one way or another." Hughes, supra, 46 Cal. 4th at 1049.

Pursuant to Hughes and Lyle, Plaintiff's single alleged incident regarding the alleged Josh Strawberry is by definition neither severe nor pervasive as a matter of law. See also Clark County School Dist. v. Breeden, 532 US 268, 271 (2001) (single inappropriate sexual comment not sufficient to support sexual harassment claim); Brennan v. Townsend & O'Leary Enterprises, Inc., 199 Cal.App.4th 1336, 1354-1355 (2011) (no concerted pattern of harassment where four incidents occurred over four years, involving three different employees, with two incidents at offsite Christmas parties); Hocevar v. Purdue Frederick Co., 223 F.3d 721, 738 (8th Cir. 2000) ("a few inappropriate comments and an unwanted slow dance (at a

-7-

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

company party) do not amount to particularly severe conduct that was threatening or humiliating") (parentheses added); <u>Candelore v. Clark County Sanitation Dist.</u>, 975 F.2d 588, 590 (9th Cir. 1992) (isolated instances of "sexual horseplay" over a period of years not sufficiently egregious to render work environment hostile); <u>Murray v. Chicago Transit Auth.</u>, 252 F.3d 880, 889 (7th Cir. 2001) (supervisor's two dinner invitations which appeared to be sexual advances were insufficient as a matter of law to constitute hostile environment harassment).

(5)     Because Costco never employed a Josh Strawberry in Southern California, because Plaintiff failed to plead administrative exhaustion as to Josh Strawberry, and because Plaintiff failed to plead a viable cause of action against Josh Strawberry, the alleged and fictitious Mr. Strawberry must be considered a sham defendant for removal purposes.  Accordingly, because Costco is the only viable defendant, and because there is complete diversity between Plaintiff and Costco, this case may properly be removed to federal court.

e.     Although Plaintiff does not pray for a specific dollar amount, the Complaint pleads causes of action for sexual harassment, failure to accommodate a disability, sex discrimination, retaliation, and failure to prevent discrimination, harassment, and retaliation. Assuming that Plaintiff's suit is successful, the amount in controversy requirement is clearly met. See <u>Chavez v. JPMorgan</u>

-8-

Chase & Co., 888 F.3d 413 (9th Cir. 2018) (holding that "the amount in controversy is not limited to damages incurred prior to removal…Rather, the amount in controversy…encompasses all relief a court may grant...if the plaintiff is victorious"; Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785 (9th Cir. 2018) ("Because the law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").

f.    Specifically, Plaintiff prays for the following:

(1)    Compensation for mental and emotional distress (Complaint, ¶¶ 36, 44, 50, 56, 59, 71, 72, Prayer for Relief). See Cal. Gov't Code § 12970 (emotional distress damages recoverable under FEHA).

Comparable Cases. A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in wrongful termination cases. Roby v. McKesson, 47 Cal. 4th 686, 699 (2009) (awarding a single plaintiff $1,600,000 in non-economic damages for three separate counts of wrongful termination (later reduced by stipulation to $800,000)). Juries have also awarded well in excess of $75,000 for emotional distress

-9-

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

damages in discrimination and retaliation cases. See, e.g., Wang v. Reese Scientific Corp., San Francisco Sup. Ct. Case No. CGC-13-528233 (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination); Stallworth v. City of Los Angeles, Los Angeles Sup. Ct. Case No. BC341480 (awarding $100,000 in emotional distress damages on discrimination and retaliation claims).  Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and the jury may award, in excess of $75,000 for emotional distress damages.  Accordingly, the amount in controversy here clearly exceeds $75,000.

(2) Punitive damages (Complaint, ¶¶ 37, 45, 51, 57, 60, 73-78, Prayer for Relief).  See Weeks v. Baker & McKenzie, 63 Cal.App.4th 1128, 1147-1148 (1998) (punitive damages recoverable under FEHA actions); Anthony v. Security Pac. Fin'l Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996) (punitive damages factored into amount in controversy if they are recoverable under state law).

(3) Attorneys' fees (Complaint, ¶¶ 38, 46, 52, 58, 61, Prayer for Relief).  See Cal. Gov't Code § 12965(b) (authorizing courts to award attorneys' fees in FEHA actions); Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785 (9th Cir. 2018) ("Because the law entitles [Plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in

-10-

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

the amount in controversy."); <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155 (9th Cir. 1998) (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculus).

g.      The undersigned counsel has defended numerous claims for alleged discrimination against corporate employers, including claims alleging discrimination, harassment, and retaliation. (<u>See</u> McConnell Dec., ¶ 7) Based on that experience, discovery and settlement discussions consistently reveal that a typical claim in an action such as this regularly exceeds $75,000, especially when the plaintiff has a right to recover attorneys' fees. (<u>See</u> McConnell Dec., ¶ 7.)

h.      Based on both Plaintiff's demanded relief in the Complaint and the undersigned counsel's previous experience, Costco is informed and believes that the amount in controversy easily exceeds $75,000. (<u>See</u> McConnell Dec., ¶ 7.) <u>See</u> <u>White v. FCI USA, Inc.</u>, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees" demonstrated that the amount in controversy exceeded $75,000").

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Orange, in the State-Court Action.

-11-

In addition, Plaintiff has been served with this Notice of Removal, and the additional supporting pleadings, as reflected in the concurrently filed Proof of Service.

Dated:  February 13, 2019

By          /s/ Matthew S. McConnell
                MATTHEW S. McCONNELL
                TARA WILCOX

                Attorneys for Defendant
        COSTCO WHOLESALE CORPORATION

-12-

SMRH:489502864.1                              NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT